IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Ashley S.,[1] | ) | C/A No. 9:25-3395-CMC |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | **ORDER** |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
|     Defendant. | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on July 29, 2026, recommends the decision of the Commissioner be reversed, and the case remanded for further administrative action. Dkt. No. 16. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Neither party has filed objections, and the time in which to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

---

[1] As noted by the Magistrate Judge, the Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends federal courts refer to claimants only by their first names and last initials because of significant privacy concerns in social security cases.

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, the decision of the Commissioner is reversed, and the case remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action.[2]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 13, 2026

---

[2] The clerk of the Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.

2